IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUTA KRETULSKIE, | : |
| | : |
| Plaintiff, | :   3:18-CV-1357 |
| v. | :   (JUDGE MARIANI) |
| | : |
| MADISON NATIONAL LIFE | : |
| INSURANCE COMPANY, INC., | : |
| ENCORE UNLIMITED, LLC, and | : |
| DISABILITY INSURANCE | : |
| SPECIALISTS, LLC, | : |
| | : |
| Defendants. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Presently before the Court is a Report and Recommendation ("R&R") (Doc. 36) by Magistrate Judge Carlson in which he recommends that Defendant Encore Unlimited, LLC's Motion to Dismiss (Doc. 27) be granted. Plaintiff Ruta Kretulskie filed Objections (Doc. 38) to the Magistrate Judge's R&R to which Defendant Encore Unlimited, LLC ("Encore") filed a response (Doc. 39).

On July 9, 2018, Plaintiff Kretulskie filed a Complaint in the Court of Common Pleas of Schuylkill County against Defendants Madison National Life Insurance Company, Inc. ("Madison"), Encore, and Disability Insurance Specialists, LLC ("DIS"). (Doc. 1-3). Following the removal of this action to federal court, Plaintiff filed an Amended Complaint alleging Breach of Contract by Madison (Count I), violation of 42 Pa. C.S.A. § 8371 by

Madison (Count II), violation of 73 P.S. § 201-1 by Madison (Count III), Civil Conspiracy by all Defendants (Count IV), and Common Law Bad Faith by Madison (Count V). (Doc. 6). Madison and DIS, both filed Answers to the Amended Complaint (Docs. 8, 9) and Encore filed a motion to dismiss the civil conspiracy claim against it (Doc. 27).

The Honorable A. Richard Caputo referred Defendant's motion to dismiss to Magistrate Judge Carlson for the preparation of a Report and Recommendation. On October 9, 2019, the Magistrate Judge issued the R&R (Doc. 36) presently pending before this Court. Following the passing of Judge Caputo, this action was reassigned to the undersigned on March 23, 2020.

## II. ANALYSIS

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* at § 636(b)(1)(C); *see also, Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); M.D. Pa. Local Rule 72.3.

Here, following a careful analysis of the case law, the R&R recommended that Count IV (Civil Conspiracy) be dismissed without prejudice on the basis that this claim "does not

fully satisfy the requisites of state law by adequately pleading that the defendants acted with the sole purpose of injuring the plaintiff." (Doc. 36, at 16). "Notably missing from this conspiracy count in its current form [is] any allegation that the defendants acted with malice as that term is defined under Pennsylvania law; that is, well-pleaded facts showing that the sole purpose of the conspiracy was to injure the plaintiff and that this intent was without justification." (*Id.* at 4). In performing his analysis, Judge Carlson explained that "Pennsylvania law requires what is described as a showing of 'unadulterated malice,' concerted activity undertaken for the *sole purpose* of harming the plaintiff, in order to sustain a civil conspiracy claim." (*Id.* at 12) (emphasis in original). The R&R further recognized that "some federal District courts have suggested a differing opinion regarding the definition of 'malice' and whether the *sole* purpose of a civil conspiracy must be to injure the plaintiff", but noted that the reasoning of those courts "goes beyond existing Pennsylvania's civil conspiracy precedent to allow more claims to proceed" and that "the majority of courts within this circuit follow the 'unadulterated malice' standard." (*Id.* at 12 n.2).

As noted by Judge Carlson, a large number of courts within the Third Circuit have found that the "malice", i.e. intent to injure, element of a Pennsylvania law civil conspiracy claim, requires an allegation that the sole purpose of the conspiracy was to injure the plaintiff. (*See* R&R, Doc. 36, at 11-12) (collecting cases). As similarly explained by a Court in the Eastern District of Pennsylvania:

> "Malice requires an allegation that the sole purpose of the conspiracy was to injure the plaintiff," and that this intent was without justification. *Doltz v. Harris*

3

> & Assoc., 280 F.Supp.2d 377, 389 (E.D. Pa. 2003). Thus, a showing that a person acted for professional reasons, and not solely to injure the plaintiff, negates a finding of malice. See Sarpolis v. Tereshko, 26 F.Supp.3d 407, 423-24 (E.D. Pa. 2014) (declining to infer malice where complaint explicitly averred that "all parties reaped financial or career benefits, at Plaintiff's expense" as a result of the alleged conspiracy), aff'd, 625 Fed.Appx. 594 (3d Cir. 2016); Giordano v. Claudio, 714 F.Supp.2d 508, 534 (E.D. Pa. 2010) ("A showing that an alleged conspirator acted for professional or business benefit will preclude a finding of malice."); Bro-Tech Corp. v. Thermax, Inc., 651 F.Supp.2d 378, 419 (E.D. Pa. 2009) (holding that plaintiff's theory that defendants acted for their business advantage and benefit belies the notice that defendants acted purely out of malice and without a business motive, thereby precluding a civil conspiracy claim); Thompson Coal Co., 412 A.2d at 472 (noting that the intent to injure must be without justification, which cannot exist when an act is merely done "with the intention of causing temporal harm, without reference to one's own lawful gain, or the lawful enjoyment of one's own rights"), quoting Rosenblum v. Rosenblum, 320 Pa. 103, 181 A. 583, 585 (1935).

DePuy Synthes Sales, Inc. v. Globus Med., Inc., 259 F.Supp.3d 225, 248 (E.D. Pa. 2017). See also, Spear v. Fenkell, 2016 WL 5661720, *55 n.68 (E.D. Pa. 2016) ("The federal cases in this district applying Thompson's malice standard to dismiss conspiracy counts are legion.") (collecting cases); Agrofresh Inc. v. Essentiv LLC, 2020 WL 7024867, *12 (D.Del. 2020) ("Many . . . cases have relied on Thompson Coal to find that civil conspiracy under Pennsylvania law requires evidence that the co-conspirators acted with the sole purpose of harming the plaintiff.") (collecting cases); PDC Machines. Inc. v. Nel Hydrogen A/S, 2018 WL 3008531, *5 (E.D. Pa. 2018) (recognizing that "numerous courts in this district – including this Court – have interpreted [Thompson] as construing the malice element narrowly to require proof that the *sole* purpose of the conspiracy is to cause harm to the party who has been injured" but acknowledging that a "minority of courts have taken a

4

different view, holding that when improper actions form the basis for the civil conspiracy claim, then the injured party can adequately allege an intent to injure even if the conspirators also monetarily benefitted from the conspiracy.") (internal quotation marks omitted).

In addressing the R&R, Plaintiff properly "acknowledges that proof of malice is an essential part of a cause of action for conspiracy as well as the case law that holds that 'concerted action motivated by a desire to promote some gain for the defendant does not meet this malice requirement.'" (Doc. 38, at 10). However, as recognized in the R&R, Plaintiff points to the "split in authority on the issue of whether or not a malicious undertaking for personal gain takes the concerted action outside of the bounds of the elements of a civil conspiracy", and argues that this Court should adopt the reasoning of those courts which have found that proof of malice does not require that the *sole* purpose of the conspiracy was to injure the plaintiff.

Nonetheless, Plaintiff, without citation, first appears to argue that she did allege that the sole purpose of the civil conspiracy was to injure her. Plaintiff states that she "alleges in her Amended Complaint that Defendant Encore clearly acted for the sole purpose of injuring Plaintiff by denying her claims and effectuating the non-payment benefits under the Policy to which she was clearly entitled and [did] so to appease Defendant Madison . . ." (Doc. 38, at 7; see also, id. at 17 (claiming Defendants "clearly combined to act overtly in an otherwise legal act for the unlawful and sole purposes of injuring Plaintiff by denying Plaintiff the

disability benefits to which she is clearly entitled under the terms of the Policy for their own selfish purposes")). However, Plaintiff's Amended Complaint does not anywhere allege that Encore acted "for the sole purpose of injuring Plaintiff". Further, Plaintiff's own argument that Defendants acted for the "sole purpose" of injuring Plaintiff is contradicted by her statements that Encore's actions were done to "appease Defendant Madison", that Encore was "captive" to Madison for "substantial business referrals", and that the Defendants acted "for their own selfish purposes" (*id*. at 7, 17).

Additionally, Plaintiff cannot escape the factual allegations set forth in her Amended Complaint which repeatedly plead that Defendants acted to further their own financial and business purposes. The Amended Complaint alleges that

> Defendant Madison knows that Defendant Encore and Defendant DIS are captive to and dependent upon referrals from insurance carriers like Defendant Madison, will be biased in favor of Defendant Madison, and will deny otherwise legitimate claims in order to save Defendant Madison money and earn themselves money by supporting the denial of otherwise legitimate claims.

(Doc. 6, ¶ 86). The Amended Complaint also alleges that Encore and DIS denied Plaintiff's claim in order to "appease" Madison, that Encore and DIS are "captive" to Madison for "substantial business referrals", and that Defendants "conspired to wrongfully deny Plaintiff's Claim for their own selfish purposes." (*Id*. at ¶¶ 87, 89). Plaintiff's Amended Complaint lacks any allegation that Encore acted for the "sole purpose" of injuring Kretulskie, nor does Plaintiff's Amended Complaint even allege that *one* of Encore's purposes was to injure Plaintiff.

Although the Amended Complaint is clearly devoid of allegations to support a reasonable inference that the defendants' "sole purpose" was to injure Plaintiff, even if this Court were to accept Plaintiff's argument that the injury to a plaintiff need not be the "sole purpose", Plaintiff has failed to set forth any allegations to support a claim that the injury to Plaintiff was one of the purposes.

Plaintiff, citing to a small number of cases where courts have permitted a civil conspiracy claim to proceed in the absence of allegations that the "sole purpose" was to harm the plaintiff, argues that "the fact that an action for civil conspiracy advances one's business interest is not sufficient to warrant summary dismissal." (Doc. 38, at 17) (underline in original; bold omitted); (*see also*, *id.* at 10-17). Nonetheless, the cases cited by Plaintiff in support of her argument require that the defendants in the conspiracy had an intent to injure the plaintiff and that the injury was not merely an incidental side effect. Plaintiff has failed to set forth well-pleaded facts to support such a claim.

Plaintiff relies heavily on *RDK Truck Sales and Service Inc., v. Mack Trucks, Inc.*, 2009 WL 1441578 (E.D.Pa. 2009). (*See* Doc. 38, at 10-12). In relevant part, in *RDK*, the Defendant, Mack Trucks, filed a counterclaim against Plaintiff RDK seeking "recovery for damages caused by RDK's long standing conspiracy to deceive and defraud Mack." *RDK*, 2009 WL 1441578 at *1 (internal quotation marks omitted). Defendant alleged that "RDK and several Mack dealers agreed that the dealers would purchase trucks from Mack for resale to RDK by misrepresenting to Mack that the trucks were to be sold to other

customers. Through this ruse, the conspirators induced Mack to provide inflated discounts, thereby both damaging Mack and unjustly enriching RDK." *Id.* (internal quotation marks omitted). In analyzing Plaintiff's motion for summary judgment on Defendant's civil conspiracy claim, Judge Buckwalter first noted that "*Thompson Coal* and its progeny are clear, . . . to sustain a claim of civil conspiracy, malice or an intent to injure must be the sole intent. *Thompson Coal,* 412 A.2d at 472. But the fact that an action advances one's business interest is not sufficient to warrant summary dismissal." *Id.* at * 32. The Court found that Defendant's allegations and supporting evidence "could lead a reasonable fact-finder to infer that Mack's injuries were not simply an incidental side-effect of otherwise legitimate business interests, but rather the fruits of an unlawful conspiracy." *Id.* at *33. However, in a subsequent opinion in a different case, Judge Buckwalter dismissed a civil conspiracy claim, stating that "according to Plaintiff's own allegations, the Defendants' alleged improper actions were taken for the *purpose* of economically benefitting them in their new endeavor, but had the side effect of affecting Synthes's operations and profitability. At no point in the Amended Complaint does Plaintiff expressly state that any purpose of the conspiracy – let alone the sole purpose – was to injure Synthes." *Synthes, Inc. v. Emerge Med., Inc.*, 2012 WL 4205476, *37 (E.D. Pa. 2012). The Court distinguished the facts of its prior opinion in *RDK*, explaining that "[i]n the foregoing cases [including *RDK*], the complaints contained at least some allegations that the purpose of the conspiracy was to injure the plaintiff. A thorough review of the present case, on the other hand, reveals

8

no such allegation to indicate that Defendants acted with the sole intent to injure Plaintiff, with economic benefit being only an incidental side effect." *Id.* at *37 n. 31.

Similar to *Synthes*, the Court's decision in *RDK* is distinguishable from the facts in this case. Kretulskie's Amended Complaint lacks any allegation that the purpose of the conspiracy was to injure her, let alone the sole purpose. As noted above, Plaintiff's Amended Complaint specifically alleges that Defendants acted to further their own financial and business purposes and "conspired to wrongfully deny Plaintiff's Claim *for their own selfish purposes.*" (*Id.* at ¶¶ 86, 87, 89) (emphasis added). Thus, in the absence of any factual allegations in the Amended Complaint that the purpose of the conspiracy was to injure Kretulskie, and the explicit allegations that the defendants conspired to advance their own business interests, it is evident that Plaintiff has failed to state a claim for civil conspiracy. *See DePuy*, 259 F.Supp.3d at 248-249 ("Plaintiff cites *RDK Truck Sales & Serv. v. Mack Trucks, Inc.* . . . for the proposition that the mere fact that the defendants' improper actions were economically beneficial to them does not preclude a civil conspiracy claim. . . . Unlike that case, however, the complaint in this matter explicitly alleges that an aim of the conspiracy, and not merely a side effect, was to benefit Globus Medical. Such allegations belie any notion that defendants were acting solely to injure plaintiff. Therefore, I will dismiss the claim.").

Plaintiff's reliance on several other cases (Doc. 38, at 13-17) is equally misplaced where those cases required, at minimum, an allegation of "mixed motives", one of which

9

must be to injure the plaintiff. *See Ozburn-Hessey Logistics, LLC v. 721 Logistics, LLC*, 40 F.Supp.3d 437, 454 n.4 (E.D.Pa. 2014) (expressing doubt that civil conspiracy claim requires the "sole purpose" was to injure the plaintiff and suggesting *Thompson* left open the question of whether defendants may be liable if they act with "mixed motives.");[1] *Minehart v. McElhinny*, 2017 WL 5885730, *5 (E.D.Pa. 2017) ("While Judge Minehart does assert numerous goals of the conspiracy that may constitute 'legitimate business interests,' he also asserts that PMA promoted a book that it knew or should have known contained false statements of fact and that PMA ignored the truth, failed to investigate the truth and/or purposely made false statements about him with malice and without legal justification. Therefore, pursuant to *Ozburn-Hessey,* the Complaint plausibly alleges that *one of the motives of the conspiracy was to injure Judge Minehart*. Likewise, under the *Daniel Boone* [*Area School Dist. v. Lehman Bros., Inc.*, 187 F.Supp.2d 400 (W.D.Pa. 2002)] interpretation

---

[1] Although only a small number of courts have cited to *Ozburn-Hessey*'s interpretation of *Thompson*, and even fewer have followed its reasoning, those that have agreed with its analysis of *Thompson* have nonetheless required a specific intent to injure the plaintiff. *See e.g Aetna Inc. v. Insys Therapeutics, Inc.*, 324 F.Supp.3d 541, 558-559 (E.D. Pa. 2018) (explaining that "[w]hile some courts have construed [*Thompson*] as requiring proof that the alleged conspirators acted 'solely to injure' the plaintiffs, with no objective of personal gain, such an interpretation does not comport with the decision's reasoning. . . . The court [in *Thompson*] does not hold that a defendant's interest in economic gain would, in itself, justify or negate specific intent to cause injury, particularly if the intended means for achieving such gain were unlawful and illegitimate" and thus finding that "if the Court accepts as true that [Defendant] Insys employees acted within the scope of their employment and intentionally used false information to induce [Plaintiff] Aetna to pay claims it otherwise would not have paid, then the Court can reasonably infer that Insys *harbored specific intent to injure Aetna* that satisfies the malice element of a civil conspiracy claim.")(emphasis added); *Minehart v. McElhinny*, 2017 WL 5885730, *5 (E.D.Pa. 2017) ("pursuant to *Ozburn-Hessey,* the Complaint plausibly alleges that *one of the motives of the conspiracy was to injure Judge Minehart*")(emphasis added).
  As discussed herein, Plaintiff Kretulskie has not pleaded any intent to harm her and thus the reasoning of these courts does not operate to save Plaintiff's civil conspiracy claim.

of *Thompson Coal Co.*, the Complaint plausibly alleges malice because it can be inferred that Judge Minehart's injuries 'were not simply an accidental side-effect' of PMA's otherwise legitimate business interests because PMA allegedly promoted a book that it knew contained false statements about Judge Minehart.") (emphasis added); *PDC Machines*, 2018 WL 3008531 at *5 (even if a defendant benefits economically from improper actions undertaken as part of a conspiracy, Plaintiff's allegation in the Complaint that "Nel and Adams conspired to knowingly and intentionally misappropriate trade secrets they had agreed to protect under their respective NDAs with PDC *so as to harm PDC's competitive advantage*" was "sufficient at the motion to dismiss stage to support the inference that Defendants intended to harm PDC without legal justification.") (emphasis added).

In the present action, even applying the reasoning of *Minehart*, *PDC Machines*, and *Ozburn-Hessey*, Kretulskie's civil conspiracy claim still fails where Plaintiff has not, even inferentially, set forth *any* allegations of an intent to harm her by Encore and the other defendants. Rather, even drawing all reasonable inferences in favor of Plaintiff, at best she has set forth factual allegations which demonstrate that her injuries were an incidental side-effect of Defendants' actions in furthering their own business interests.

For the afore-stated reasons, the Court agrees with Judge Carlson that Plaintiff has failed to set forth sufficient factual allegations to support the malice element of her civil conspiracy claim. Encore's Motion to Dismiss (Doc. 27) will thus be granted. However, consistent with Judge Carlson's recognition that "plaintiffs often should be afforded an

opportunity to amend a complaint before the complaint is dismissed in its entirety" (Doc. 36, at 16), the Court will dismiss Count IV without prejudice to Plaintiff filing a Second Amended Complaint to allege facts satisfying the requirements of a civil conspiracy claim pursuant to Pennsylvania law.[2]

### III. CONCLUSION

For the reasons set forth above, upon *de novo* review of Magistrate Judge Carlson's R&R (Doc. 36), the Court will adopt the R&R and overrule Plaintiff's Objections (Doc. 38). The Court will grant Defendant Encore's Motion to Dismiss (Doc. 27) and dismiss Court IV with leave to amend. A separate Order follows.

Robert D. Mariani
United States District Judge

---

[2] As Judge Carlson cautioned, the other elements of a civil conspiracy claim "combined with malice pose a high burden as she amends her pleadings going forward." (Doc. 36, at 14 n.3). Although the Court is equally skeptical that Plaintiff can set forth sufficient factual allegations to properly plead a claim for civil conspiracy, this Court cannot say that granting further leave would necessarily be futile. In addition, the Court notes that the time for the completion of fact discovery ended on February 29, 2020. (Doc. 37). Thus, this case is in a procedural posture wherein the existence of factual disputes underlying Plaintiff's civil conspiracy claim would be better addressed on summary judgment. While the Court recognizes that the time for filing dispositive motions expired on April 15, 2020 (Doc. 37), in light of the ruling herein, that deadline will be extended.

Should Plaintiff believe she has a good faith basis to amend Count IV so as to include allegations that the sole purpose of the conspiracy was to injure her, the Court suggests that the parties, should any wish to revisit this issue, give strong consideration to doing so in the context of a motion, or cross-motions, for summary judgment. The basis of the Court's suggestion is easily discerned from the prior paragraph of this footnote which points out the reality of the procedural posture of this case and strongly indicates that all parties could benefit from presenting the validity of an amended Count IV to the Court on summary judgment with a factual record to support their respective positions and of which the Court could avail itself.